NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., : | |
| : | |
| Plaintiff, : | Civil Action No.: 13-4248 (ES) |
| : | |
| v. : | MEMORANDUM OPINION & ORDER |
| : | |
| SHRE JAYRAM, INC.; : | |
| JAYANTI PATEL; AND : | |
| RAMESHCHANDRA PATEL, : | |
| : | |
| Defendants. : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of plaintiff Days Inns Worldwide, Inc. ("DIW" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiff's submissions, (D.E. No. 13), and it appearing that:

1. On July 11, 2013, DIW commenced this action, alleging that defendants Shre Jayram, Inc. ("Shre Jayram"), Jayanti Patel, and Rameshchandra Patel (collectively "Defendants") unilaterally and prematurely terminated a license agreement between DIW and Defendants. (D.E. No. 1, Complaint ("Compl.") ¶¶ 29–30; *see also* Ex. A to Compl. ("DIW-Shre Jayram Agreement")).

2. Despite diligent efforts by Recon Management Group ("Recon") to effect personal service, Recon was unable to locate Shre Jayram. (D.E. No. 13-2, Certification of Bryan P. Couch in Motion for Final Judgment by Default ("Couch Cert.") ¶¶ 4, 6; *see also* Ex. A. to Couch Cert.).

3. By letter dated August 27, 2013, DIW sent a copy of the summons and complaint via certified and regular mail to 918 Greenfield Court, Kennedale, TX 76060, which DIW shows is the address for Shre Jayram's registered agent. (Couch Cert. ¶ 7; & Ex. B).

4. On August 12, 2013, Jayanti Patel was served with a copy of the summons and complaint. (D.E. No. 6).

5. On or about November 6, 2013,[1] Rameshchandra Patel was served with a copy of the summons and complaint. (D.E. No. 8).

6. The time for answering DIW's complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the complaint.

7. On October 9, 2013, DIW sent the Clerk of the Court a request for entry of default against Defendants. (D.E. No. 7).

8. On October 11, 2013, the Clerk of the Court entered default as to Jayanti Patel and Rameshchandra Patel.[2] (*See* D.E. dated October 11, 2013).

---

[1] D.E. No. 8's text and Couch Cert. ¶ 8 state that Rameshchandra Patel was served on November 5, 2013; however, Lewis L. Burks's affidavit of service, (D.E. No. 8), lists a service date of November 6, 2013.

[2] Couch Cert. ¶ 10 states that default was entered against Shre Jayram and Jayanti Patel. According to the text associated with D.E. No. 11, however, default was actually only entered against Jayanti Patel and Rameshchandra Patel. Furthermore, an analysis of the docket reveals that the Clerk of Court re-entered default against Rameshchandra Patel on December 11, 2013, but failed to ultimately enter default against Shre Jayram.

    Nevertheless, the Court notes that the clerk "*must* enter judgment . . . against a defendant who has been defaulted for not appearing . . ." upon "plaintiff's request, with an affidavit showing the amount due . . . ." Fed. R. Civ. P. 55(b)(1) (emphasis added). Plaintiff appropriately filed his request and affidavit for default against Shre Jayram on October 9, 2013, (D.E. No. 7), and therefore the Clerk of Court must enter default against Shre Jayram. *See* Robert E. Bartkus & Elizabeth J. Sher, *New Jersey Federal Procedure* § 17-3:2 at 565 (2014) ("The determination of the clerk to enter the default is a 'formality' and is not discretionary; as long as the facts set forth in the request are consistent with the entries in the clerk's docket as to service and the defaulting party's failure to respond, the clerk will enter the default on the docket."). *See also Crowley v. Chait*, No. 85-2441, 2005 U.S. Dist. LEXIS 40829, at *5 (noting that the inherent authority of the district court to enter default judgment may be exercised sua sponte "under proper circumstances.") (citing *Flaksa v. Little River Marine Constr.*, 389 F.2d 885, 887 (5th Cir. 1968)).

9. By letter dated October 14, 2013, DIW served Defendants with a copy of its request for entry of default and the Clerk's resulting entry of default. (Couch Cert. ¶ 11 & Ex. C).[3]

10. On December 05, 2013, DIW sent the Clerk of the Court a request for entry of default against Rameshchandra Patel. (D.E. No. 9).

11. On December 11, 2013, the Clerk of the Court re-entered default as to Rameshchandra Patel. (*See* D.E. dated December 11, 2013).

12. By letter dated December 11, 2013, DIW served Rameshchandra Patel with a copy of its request for entry of default and the Clerk's resulting entry of default. (Couch Cert. ¶ 13 & Ex. D).

13. On March 14, 2014, DIW filed the instant motion seeking default judgment against Defendants. (D.E. No. 13).

14. "Before granting a default judgment, the Court must determine: (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

15. First, the Court finds that there is sufficient proof of service because DIW properly mailed the summons and complaint to Shre Jayram's registered agent, and DIW has shown that it could not otherwise effect personal service. *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); N.J. Ct. R. 4:4-4(b)(1)(C). Furthermore, the Court finds that there is sufficient proof of service on Jayanti Patel and Rameshchandra Patel because, on August 12, 2013, Jayanti Patel was

---

[3] The Court notes that the letter in Exhibit C states that default had been entered against Shre Jayram on October 11, 2013. Additionally, the letter references a different case—*Days Inns Worldwide, Inc. v. Alex Hospitality, LLC, et al.*, Civil Action No. 13-cv-3273 (WHW)(CLW).

personally served with a copy of the summons and complaint and, on November 6, 2013, Rameshchandra Patel was personally served with a copy of the summons and complaint. (D.E. No. 6; D.E. No. 8).

16. Second, the Court finds that DIW stated a sufficient cause of action. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, DIW has alleged that: (1) there was a contractual relationship based on a license agreement that set forth certain obligations and consequences for failing to meet these obligations, where Jayanti Patel and Rameshchandra Patel "provided DIW with a Guaranty of Shre Jayram's obligations under the [DIW-Shre Jayram Agreement]," (Compl. ¶¶ 9–28; *see* Ex. D to Compl.); (2) Shre Jayram breached the license agreement by unilaterally and prematurely terminating the DIW-Shre Jayram Agreement, (*id.* ¶¶ 29–30;); and (3) DIW suffered damages as a result of Defendants prematurely terminating the contract, (*id.* ¶¶ 29–30, 40, 49, 53 58, 65; *see* Ex. E to Compl.) (seeking damages because Defendants failed to pay liquidated damages, recurring fees, and the outstanding principal balance of the Development Incentive Note (the "Note") pursuant to the parties' agreement). Notably, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations marks omitted); *see also Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 WL 2909321, at *2 (D.N.J. July 18, 2011) ("Because Defendants failed to respond in any way to the Complaint, the Court must accept the

truthfulness of [plaintiff's] well pled allegations."). DIW has therefore sufficiently alleged a cause of action for termination of contract.

17. Third, the Court concludes that entry of default judgment against Defendants is appropriate. To determine whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, Defendants have failed to proffer a meritorious defense in response to DIW's claims and, moreover, the alleged facts do not indicate the existence of a meritorious defense. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). The Court also finds that DIW will suffer prejudice if the Court does not enter default judgment because DIW has no other means of seeking damages for the harm caused by Defendants. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); *see also Ramada Worldwide*, 2012 WL 924385, at *5 ("If a default judgment is not entered, RWI will continue to be harmed because it will not be able to seek damages for its injuries due to defendant's continuing refusal to participate in this case. Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest." (internal quotation marks, citations and alterations omitted)). Third, Defendants are culpable because, although they had notice of this action, they failed to properly participate. *See Ramada Worldwide*, 2012 WL 924385, at *5.

Accordingly, IT IS on this 10th day of October 2014,

**ORDERED** that the Clerk of Court shall enter default against Defendant Shre Jayram, Inc. on the docket in response to D.E. No. 7, in accordance with Fed. R. Civ. P. 55(b)(1);

**ORDERED** that Ramada Worldwide Inc.'s motion for default judgment, (D.E. No. 13), is hereby GRANTED;

**ORDERED** that judgment is entered against Shre Jayram, Inc., Jayanti Patel and Rameshchandra Patel in favor of Days Inns Worldwide Inc. in the amount of $163,154.47, given the following showing by Days Inns Worldwide Inc.:

1. $56,703.43 for recurring fees (principal plus prejudgment interest), (*see* D.E. No. 13-3, Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff.") ¶ 25; Ex. G to Fenimore Aff.);

2. $64,432.66 for liquidated damages (principal plus prejudgment interest), (*see* D.E. No. 13-3, Fenimore Aff. ¶¶ 26–33; Ex. C to Fenimore Aff.; DIW-Shre Jayram Agreement ¶¶ 7.3, 12.1, 18.7);

3. $37,016.64 for the balance on the "Note," (inclusive of prejudgment interest) (*see* Fenimore Aff. ¶¶ 18–21, 34–35; Ex. E to Fenimore Aff.)

4. $5,001.74 for attorneys' fees and costs, (*see* Fenimore Aff. ¶ 36; RWI-Cheema Agreement ¶ 17.4); and it is further

**ORDERED** that beyond the date of this Judgment, post-judgment interest with respect to recurring fees, liquidated damages, and the Note will continue to accrue at that rate allowed by law until the Judgment is paid in full; and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**